LOUIS R. MILLER (State Bar No. 54141)
smiller@millerbarondess.com
MIRA HASHMALL (State Bar No. 216842)
mhashmall@millerbarondess.com
AMNON Z. SIEGEL (State Bar No. 234981)
asiegel@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 552-4400
Facsimile:   (310) 552-8400

Attorneys for Defendants
COUNTY OF LOS ANGELES, CALIFORNIA
and MARY C. WICKHAM

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SOUTHERN CALIFORNIA GAS COMPANY,<br><br>        Plaintiff,<br><br>     v.<br><br>COUNTY OF LOS ANGELES, CALIFORNIA; MARY C. WICKHAM, in her official capacity as Los Angeles County Counsel; STATE OF CALIFORNIA DEPARTMENT OF INDUSTRIAL RELATIONS; STATE OF CALIFORNIA DIVISION OF OCCUPATIONAL SAFETY AND HEALTH; JULIANN SUM, in her official capacity as Chief of the State of California Division of Occupational Safety and Health; and STATE OF CALIFORNIA OCCUPATIONAL SAFETY AND HEALTH APPEALS BOARD,<br><br>        Defendants. | **CASE NO. 2:17-cv-05140-DSF-JC**<br><br>**DEFENDANTS COUNTY OF LOS ANGELES AND MARY C. WICKHAM'S NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>[Filed Concurrently with Memorandum of Points and Authorities; Declaration of Amnon Z. Siegel; Request for Judicial Notice; and [Proposed] Order]<br><br>Date:     November 13, 2017<br>Time:    1:30 pm<br>Crtrm.:  7D<br><br>Assigned to the Hon. Dale S. Fischer |

351898

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that, on November 13, 2017, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Dale S. Fischer in Courtroom 7D of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, Defendants County of Los Angeles, California and Mary C. Wickham (collectively, the "County") will, and hereby do, move this Court for an order dismissing Plaintiff Southern California Gas Company's ("SoCalGas" or "Plaintiff") Complaint with prejudice, and without leave to amend, on the following grounds:

    1) The Court lacks subject matter jurisdiction over Plaintiff's declaratory relief claim because this is not an affirmative claim on which Plaintiff can seek relief, but rather a preemption defense to the state court action currently pending between the parties. *Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 248 (1952); *Alton Box Bd. Co. v. Esprit de Corp.*, 682 F.2d 1267, 1274 (9th Cir. 1982); *Armstrong v. Armstrong*, 696 F.2d 1237, 1238 (9th Cir. 1983).

    2) Plaintiff fails to state a claim on which relief may be granted because the County is not a proper defendant under the citizen suit provision of the federal Pipeline Safety Act, 49 U.S.C. § 60121(a). *See City & County of San Francisco v. U.S. Dept. of Transp.*, 796 F.3d 993, 997 (9th Cir. 2015); *Bennett v. Spear*, 520 U.S. 154, 173 (1997); *Sierra Club v. Korleski*, 681 F.3d 342, 349 (6th Cir. 2012).

    3) The Court lacks jurisdiction over this matter because SoCalGas failed to provide proper notice to the County prior to bringing its litigation as required by statute. *See* 49 U.S.C. § 60121(a)(1)(A). The purported "notice letter" sent to the County by SoCalGas contained only an assertion that the County's litigation was "inconsistent with the federal regulatory scheme." This vague allegation is insufficient—it does not identify the alleged violation or give the County an opportunity to bring itself into compliance. *See Hallstrom v. Tillamook County*, 493 U.S. 20, 29 (1989); *Columbia Gas Transmission Corp. v. Drain*, 191 F.3d 552, 555

MILLER BARONDESS, LLP
ATTORNEYS AT LAW
1999 AVENUE OF THE STARS, SUITE 1000  LOS ANGELES, CALIFORNIA 90067
TEL: (310) 552-4400   FAX: (310) 552-8400

n.2 (4th Cir. 1999); *Virginia Natural Gas, Inc. v. L.M. Sandler & Sons*, ---F. Supp. 3d ---, 2017 WL 3283236, *3 (E.D. Va. July 5, 2017).  Indeed, SoCalGas did not provide notice at all to Defendant Mary C. Wickham.

  4) Plaintiff's request for injunctive relief is barred by the Anti-Injunction Act, which bars federal courts from enjoining state court proceedings unless the requested relief falls into one of three extremely narrow exceptions, none of which apply here.  *See Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287 (1970); *Sandpiper Village Condominium Ass'n, Inc. v. Louisiana Pacific Corp.*, 428 F.3d 831, 842 (9th Cir. 2005).

  5) The Court should abstain from hearing the matter under three separate established doctrines.

  First, under the *Noerr-Pennington* doctrine, "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct."  *Sosa v. DirecTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006).  The County's litigation efforts in state court to redress its grievances occasioned by Plaintiff's misconduct is protected conduct under this doctrine, and thus immune from liability.  Similarly, the County's "Strike Force," assembled by the Board of Supervisors to examine health and safety risks associated with oil and gas fields, and to make findings and recommendations on regulatory or legal positions, is similarly immunized from liability as an advocacy effort that was brought with the intent of bringing about changes in the law.  *See Eastern Railroad Presidents Conference v. Noerr Motor Freight*, 365 U.S. 127, 136, 139 (1961); *Manistee Town Center v. City of Glendale*, 227 F.3d 1090, 1093 (9th Cir. 2000).

  Second, a court should abstain from interfering with state court proceedings under the *Younger* doctrine when (1) a state proceeding that is pending at the time the federal action is filed; (2) the state proceeding implicates important state interests; and (3) the state litigation provides an adequate opportunity to raise the

federal claims. *See Middlesex County Ethics Committee v. Garden State Bar Assn.*, 457 U.S. 423, 431 (1982). All three elements are met here.

Third, under the *Colorado River* doctrine, a federal court should abstain from exercising jurisdiction when doing so "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern," *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 814-16 (1976), or "[w]here a federal court can avoid a constitutional determination by allowing a state court to construe state law," *Am. Intern. Underwriters (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1257 (9th Cir. 1988). *Colorado River* provides an eight factor balancing test, which weigh in favor of abstention here.

This Motion is made after the conference of counsel under Local Rule 7-3, which took place on September 18, 2017. The parties could not reach agreement, which necessitated this Motion. (Declaration of Amnon Z. Siegel, ¶ 6.)

The Motion is based on this Notice, the corresponding Memorandum of Points and Authorities, the Declaration of Amnon Z. Siegel and exhibits thereto, the Request for Judicial Notice and exhibits thereto, all pleadings and papers on file in this action, any oral argument the Court may entertain, and any other matter the Court deems just and proper.

DATED: September 25, 2017

Respectfully submitted,

MILLER BARONDESS, LLP

By:    /s/ Louis R. Miller
      LOUIS R. MILLER
      Attorneys for Defendants
      COUNTY OF LOS ANGELES,
      CALIFORNIA and MARY C. WICKHAM